UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WAYNE GORDON** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 23-1840** |
| **REGIONAL TRANSIT AUTHORITY, XYZ INSURANCE COMPANY,** | **SECTION: B (1)** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Wayne Gordon filed the above-captioned matter in this Court in which he asserts a claim against the Regional Transit Authority (RTA) and XYZ Insurance Company arising out of an incident that occurred on December 15, 2022, when he was riding as a passenger on an RTA bus that was rear-ended. Because there is no basis for federal jurisdiction over his claims, it is RECOMMENDED that this lawsuit be DISMISSED for lack of subject-matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B).

Background

Mr. Gordon alleges that while riding as a passenger on an RTA bus, the bus was rear-ended. He alleges that the impact pushed him forward towards and against another empty seating area. He alleges that the driver of the bus proceeded to investigate the collision, without investigating possible injuries to the passengers. He alleges that after investigating the vehicle damage, the driver and a supervisor returned to the bus and asked the passengers to exit and board another bus. The passengers' names and contact phone numbers were collected. But no injury reports were taken.

Mr. Gordon alleges that he coincidentally received a routine phone call from St. Thomas Community Health Center and described the neck and back impact to the personnel he spoke to.

He alleges that when he mentioned a light headache, the St. Thomas personnel suggested he see a paramedic or go to the emergency room, but he declined because of the risk of COVID at hospitals.

Mr. Gordon complains that following the incident, he filed grievances against RTA but they were ignored.

Mr. Gordon urges that the RTA has an affirmative duty under the Eighth Amendment to provide medical care to its passengers after the accident. He argues that RTA demonstrated deliberate indifference and negligence when it failed to investigate injuries from the accident and failed to consider his grievances. He argues that he was denied medical care and that this amounts to cruel and unusual punishment and deliberate indifference. He argues further that by failing to summon medical care, RTA denied him due process. He also asserts that RTA has violated its own rules, regulations, and policies. He argues RTA has misused authority and that it is liable for the "tort of deliberate indifference."

Mr. Gordon also filed a motion for leave to proceed in forma pauperis, without prepayment of costs. On June 9, 2023, the Court granted him leave to proceed in forma pauperis, but ordered that summons be withheld and that Gordon show cause why this case should not be summarily dismissed for lack of subject-matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B).

Mr. Gordon timely filed his response. He acknowledges that his Eighth Amendment claim is inapplicable. He argues that his actual claim arises under the Fourteenth Amendment of the Constitution. He insists that RTA has a duty under the Fourteenth Amendment to provide medical care following investigation when its passengers are involved in an accident. He argues that his claim is based on negligence and RTA's breach of its duty of care. He submits that the laws of the State of Louisiana and the United States grant him the freedom to wait on the scene for medical care and to participate in the investigation without interference from RTA. He argues that RTA

2

interfered with these rights by excluding him from its investigation "for which entangles medical attention." He submits that had RTA not interfered, on-scene medical care would have been administered. He argues that the deprivation of his rights were a result of RTA's policies and regulations. He insists that RTA is a state actor.

## Law and Analysis

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*. See Startii v. United States, 415 F.2d 1115, 1116 (5th Cir.1969); see also Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> \* \* \*
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). "[A] complaint fails to state a claim upon which relief may be granted when it does not contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Rogers v. Boatright, 709 F.3d 403, 407 (5th Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

Further, federal courts are courts of limited jurisdiction. "Subject matter jurisdiction may not be waived, and the district court "'shall dismiss the action' whenever 'it appears by suggestion

3

of the parties or otherwise that the court lacks jurisdiction of the subject matter.'" Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed. R. Civ. P. 12(h)(3)).

Mr. Gordon invokes this court's federal question jurisdiction by alleging a claim under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Here, Mr. Gordon's Complaint invokes the Eighth and Fourteenth Amendments of the United States Constitution.

In his response to the Court's show cause order, Mr. Gordon concedes that he has no Eighth Amendment claim. Indeed, the Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. As the United States Supreme Court has explained,

> The Cruel and Unusual Punishments Clause circumscribes the criminal process in three ways: First, it limits the kinds of punishment that can be imposed on those convicted of crimes; second, it proscribes punishment grossly disproportionate to the severity of the crime; and third, it imposes substantive limits on what can be made criminal and punished as such.

Ingraham v. Wright, 430 U.S. 651, 667 (1977). It "applies only in criminal actions, following a conviction." Palermo v. Rorex, 806 F.2d 1266, 1271 (5th Cir. 1987). Mr. Gordon does not challenge a cruel and unusual punishment inflicted during a criminal proceeding. Accordingly, the

4

Eighth Amendment of the United States Constitution does not provide a basis for a claim under § 1983 and any such claim cannot provide a basis for this Court's federal question jurisdiction.

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. To establish a violation, the plaintiff must show the existence of "a liberty or property interest which has been interfered with by the State" and that the "procedures attendant upon that deprivation" were constitutionally insufficient. Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460, 109 (1989). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it." Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972). "He must . . . have a legitimate claim of entitlement to it." Id.  Property interests typically stem from state law. Id.

Mr. Gordon alleges that his due process rights have been violated because the RTA did not investigate his injuries or provide him with medical care when the bus was rear-ended. In response to the Court's Show Cause Order, he argues further that RTA interfered with the investigation and prevented him from receiving medical treatment. Importantly, though, Mr. Gordon has not provided a legal basis for his claim that he has a liberty or property interest in being interviewed as part of the motor-vehicle accident investigation or that the RTA was obligated to investigate or provide him with medical care at all. Moreover, the facts alleged in the complaint offer no basis for concluding that RTA undertook any action to prevent him from receiving medical care.

In its Show Cause Order, the Court observed that Mr. Gordon might be arguing that his due process rights were violated because RTA did not respond to his grievance. But plaintiff has not alleged the existence of a protected interest that would implicate due process. Based on the

facts alleged, the Court can find no basis to conclude that plaintiff may have been entitled by state law to have RTA investigate his injuries or provide him with medical care.

Because Mr. Gordon has failed to state a plausible claim for a violation of the Fourteenth Amendment, he cannot state a claim under §1983 and there is no basis for this Court to exercise federal question jurisdiction.

In its Show Cause Order, the Court observed further that to the extent Mr. Gordon has any viable claims arising in negligence or under another state law theory, the Court does not have jurisdiction over them. Mr. Gordon does not contest this conclusion in his response. Indeed, although this Court has jurisdiction to consider state law claims where the complaint satisfies the requirements of 28 U.S.C. § 1332, Mr. Gordon has not alleged diversity jurisdiction.[1] It appears that plaintiff and at least one defendant are Louisiana residents. In order to exercise diversity jurisdiction over state law claims under § 1332, the citizenship of all plaintiffs must be different from the citizenship of all defendants. 28 U.S.C. § 1332; see Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am., 841 F.2d 1254, 1258-59 (5th Cir. 1988). The Court finds no basis to exercise diversity jurisdiction.

The Court finds that it lacks subject matter jurisdiction over Mr. Gordon's claims under § 1331 or § 1332. Accordingly,

**IT IS RECOMMENDED** that this lawsuit be DISMISSED for lack of subject-matter jurisdiction, without prejudice to the filing of any state law negligence claims in the appropriate state forum.

---

[1] Supplemental jurisdiction over state law claims under 28 U.S.C. §1367 is only applicable where there is an independent basis for the court's original jurisdiction over one or more related claims.

## **NOTICE OF RIGHT TO OBJECT**

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 8th day of August, 2023.

_____
Janis van Meerveld
United States Magistrate Judge