UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WAYNE GORDON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1840** |
| **REGIONAL TRANSIT AUTHORITY ET AL.** | **SECTION "B"(1)** |

## ORDER AND REASONS

Before the Court are pro se plaintiff Wayne Gordon's petition for tort damages (Rec. Doc. 1), Magistrate Judge van Meerveld's Report and Recommendation recommending dismissal of Mr. Gordon's suit (Rec. Doc. 8), and his objections to the Report and Recommendation (Rec. Doc. 9). After consideration and for the reasons discussed below,

**IT IS ORDERED** plaintiff's objections are **OVERRULED** and that the Magistrate Judge's Report and Recommendation (Rec. Doc. 9) is hereby **ADOPTED IN ITS ENTIRETY** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the lawsuit be **DISMISSED** for lack of subject matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B).

## I.     FACTS AND PROCEDURAL HISTORY

On December 15, 2022, plaintiff alleges that while riding a Regional Transit Authority ("RTA") bus, the bus was rear-ended. Rec. Doc 1 at 3. Plaintiff contends that the impact of the collision pushed him forward against an empty seating area. *Id.* He alleges the driver of the bus exited to investigate the collision without first checking passengers for possible injuries. *Id.*

Plaintiff also alleges that, almost simultaneously with the collision and while he was still aboard the bus, he received a routine phone call from St. Thomas Community Health Center. *Id.* After learning of plaintiff's back and neck impact, and plaintiff's mention of a light headache, the

1

St. Thomas personnel suggested plaintiff should seek any available medical treatment at the scene or go to the emergency room. *Id.* No paramedic reported to the scene, and plaintiff declined to go to the emergency room due to the risk of COVID-19. *Id.*

Plaintiff alleges that moments later, an RTA supervisor arrived on scene and assessed the damage of the vehicles. *Id.* at 4. After twenty minutes, plaintiff alleges the driver and supervisor asked the passengers to exit the bus and to supply their names and phone numbers. *Id.* Plaintiff notes the RTA staff departed the scene without obtaining an injury report. *Id.*

Plaintiff urges that RTA has an affirmative duty under the Eighth Amendment to provide medical care to its passengers after an accident. *Id.* at 5. He argues that RTA demonstrated deliberate indifference and negligence when it failed to investigate injuries from the accident and failed to consider his grievances. *Id.* Specifically, the denial of medical care, he asserts, amounts to cruel and unusual punishment and deliberate indifference. *Id.* at 6. He argues further that by failing to summon medical care, RTA denied him due process. *See id.* Plaintiff also asserts that RTA has violated its own rules, regulations, and policies. *Id.* He argues that RTA has misused authority and that it is liable for the "tort of deliberate indifference." *Id.* at 7.

On June 1, 2023, plaintiff filed a motion for leave to proceed *in forma pauperis*. *See* Rec. Doc. 2. This Court granted him leave to proceed *in forma pauperis* on June 9, 2023, but ordered that summons be withheld and that plaintiff show cause why this case should not be summarily dismissed for lack of subject matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B). *See* Rec. Doc. 3 at 1–2.

Plaintiff timely filed his response on June 30, 2023. Rec. Doc. 7. Therein, he concedes his Eighth Amendment claim is inapplicable. *Id.* at 1. Plaintiff argues his actual claim arises under the Fourteenth Amendment. *Id.* He alleges that RTA had a duty under the Fourteenth Amendment to

2

provide medical care when its passengers are involved in an accident. *Id.* at 2. Plaintiff asserts his claims are based on negligence and RTA's breach of its duty of care. *See id.* Plaintiff submits that Louisiana state law and federal law grant individuals the freedom to wait on the scene for medical care and to participate in the investigation without interference from RTA. *Id.* at 2–3. Plaintiff argues that RTA interfered with these rights by excluding him from its accident investigation, which naturally involves any needed medical attention. *Id.* at 3. He contends that had RTA not interfered, on-scene medical treatment would have been administered. *Id.* at 5. As evidence of due process violations, he further argues that he was deprived of rights established by RTA's policies and regulations. *Id.* at 3.

Lastly, plaintiff insists that RTA is a state actor, therefore the challenged conduct of RTA constitutes state action. *Id.* Thus, his suit can be supported under 42 U.S.C. § 1983. *See id.*

On August 8, 2023, Magistrate Judge van Meerveld recommended the suit be dismissed for lack of subject matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B). Rec. Doc. 8 at 1. On August 22, 2023, plaintiff timely objected to the Magistrate Judge's Report and Recommendation. Rec. Doc. 9.

## II. LAW AND ANALYSIS

### A. Standard of Review

Federal law states that for *in forma pauperis* cases, a court shall dismiss a case at any time if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). In plain language, Section 1915 requires dismissal if the court is satisfied that the case fails to state a claim on which relief may be granted. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "[A] complaint fails to state a claim upon which

relief may be granted when it does not contain 'sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face.'" *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

Federal courts are courts of limited jurisdiction. Subject matter jurisdiction cannot be waived, and the district court must dismiss the action when "it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995) (quoting Fed. R. Civ. P. 12(h)(3)).

Plaintiff invokes this Court's federal question jurisdiction by alleging a claim under 42 U.S.C. § 1983. *See* Rec. Doc. 9 at 2. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. In other words, in order for a plaintiff to succeed in a Section 1983 claim, he would have to allege (1) a violation of a right secured by the Constitution of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004).

Plaintiff maintains RTA violated his due process rights of the Fourteenth Amendment. *See* Rec. Doc. 9 at 2. The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. To establish a violation, the plaintiff must show the existence of "a liberty or property interest which has been interfered with by the State" and that the "procedures attendance upon that deprivation" were constitutionally insufficient. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460, 109 (1989). In order to have a property interest in a benefit, "a person clearly must have

4

more than an abstract need or desire for it," and plaintiff must "have a legitimate claim of entitlement to it." *Bd. Of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).

### B.  This Court Lacks Subject Matter Jurisdiction

Subject matter jurisdiction does not exist because plaintiff cannot state a claim for relief under Section 1983. Plaintiff contends his due process rights were violated when RTA failed to investigate his injuries or provide him with medical care after the bus was rear-ended. Rec. Doc. 9 at 2. However, plaintiff does not provide a legal basis for his claim that he has either a liberty or property interest in being interviewed following a motor-vehicle accident, or that the RTA was obligated to investigate or provide him with medical care. There is no claim that RTA prevented him from seeking or receiving medical care; plaintiff stated in the complaint he did not seek medical care due to his claimed fear of infection with the COVID-19 virus. Plaintiff has therefore not alleged the existence of a protected interest that would implicate due process. Thus, this Court can find no basis to conclude that plaintiff may have been entitled by state law to have RTA investigate his injuries or provide him with medical care.

Because plaintiff has failed to state a plausible claim for a violation of the Fourteenth Amendment, he cannot state a cognizable claim under Section 1983. Thus, there is no basis for this Court to exercise federal question jurisdiction. It would also be futile to direct another amendment of the complaint based on the foregoing analysis.

New Orleans, Louisiana this 23rd day of January, 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE